UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE ALPHAS COMPANY, INC.,
     Plaintiff,


          v.                              CIVIL ACTION NO.
                                          12-10049-MBB

DEAN TUCKER FARMS PRODUCE, INC.,
     Defendant.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION TO DISMISS (DOCKET ENTRY # 7);**
**PLAINTIFF'S CROSS MOTION FOR SETTLEMENT OR, IN THE ALTERNATIVE,**
**FOR LEAVE TO FILE A CONFORMING BOND LATE**
**(DOCKET ENTRY # 16)**

**April 23, 2013**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss under Rule
12, Fed. R. Civ. P. ("Rule 12"), filed by defendant Dean Tucker
Farms Produce, Inc. ("defendant") against plaintiff The Alphas
Company, Inc. ("plaintiff") and a cross motion for settlement
or, in the alternative, for leave to file a conforming bond late
filed by plaintiff.  (Docket Entry ## 7 & 16).  After conducting
a hearing on November 20, 2012, this court took the motions
under advisement.

                    PROCEDURAL BACKGROUND

The one count complaint sets out a petition and notice to
appeal an administrative decision and order.  (Docket Entry #

1).  Plaintiff appeals from an Order on Reconsideration entered in the United States Department of Agriculture action PACA E-R-10-00192 on December 9, 2011 ("Reconsideration Order"), and from a Decision and Order in the same action issued on September 2, 2011 ("Reparation Order").  (Docket Entry # 1).  Defendant argues that plaintiff's appeal fails because plaintiff failed to file the required bond pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499g.  (Docket Entry # 7).  Further, defendant requests leave to file a fee application as mandated by statute and asks this court to impose sanctions upon plaintiff, plaintiff's principal John S. Alphas ("John Alphas") and Noah B. Goodman, Esq., plaintiff's counsel ("Attorney Goodman"), for vexatious litigation.  (Docket Entry ## 7 & 8).

In response, plaintiff opposes defendant's motion to dismiss and, in a cross motion, moves to enforce a settlement agreement between the parties or, in the alternative, requests leave to file a conforming bond late.  (Docket Entry ## 14 & 16).  Defendant opposes the cross motion and contends that the settlement agreement is unenforceable by this court and that this court does have the discretion to extend the statutory filing deadline for the bond.  (Docket Entry # 19).

<u>STANDARD OF REVIEW</u>

When a court considers a motion to dismiss under Rule 12, it "accepts as true all well pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty International Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). "The general rules of pleading require a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. "To survive a motion to dismiss, the complaint must allege 'a plausible entitlement to relief.'" Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008). While "detailed factual allegations" are not required, "a plaintiff's obligation to provide 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007); accord Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).

This court's review is confined to the complaint. In evaluating a Rule 12 motion, a court may also "consider 'documents the authenticity of which are not disputed by the parties'" as well as "'documents central to the plaintiffs' claim'" and "'documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007);

3

see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321-22 (1st Cir. 2008); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  In accordance with the relevant standard, this court has considered:  (1) plaintiff's petition and notice to appeal an administrative decision and order (Docket Entry # 1); and (2) documents contained in the administrative record before the Secretary of Agriculture (Docket Entry # 4).

## FACTUAL BACKGROUND

This matter arises out of an administrative action that defendant brought against plaintiff before the Secretary of Agriculture.  (Docket Entry ## 1 & 4).  Therein, defendant asserted that plaintiff failed to pay the balance due on defendant's two shipments of watermelons to plaintiff between May 26 and June 30, 2009.  (Docket Entry # 4, Ex. A).  By its administrative complaint, defendant sought to recover $16,248.65 in unpaid invoice balances from plaintiff.  (Docket Entry # 4, pp. 1 & 18).

On September 2, 2011, the Secretary of Agriculture issued the Reparation Order awarding defendant reparations in the amount of $16,248.65, plus interest, as well as the $500 filing fee.  (Docket Entry ## 8, 15 & 17).  Plaintiff subsequently appealed and on December 9, 2011, the Secretary of Agriculture issued the Reconsideration Order denying plaintiff's appeal and affirming the Reparation Order.  (Docket Entry ## 8, 15 & 17).

Plaintiff filed the instant action to appeal the Secretary of Agriculture's Reconsideration Order that upheld the Reparation Order ruling in defendant's favor. (Docket Entry ## 1 & 8).

## DISCUSSION

Defendant seeks to dismiss the complaint because plaintiff's appeal is ineffective due to plaintiff's failure to file the statutorily required bond pursuant to PACA. (Docket Entry # 7). Plaintiff contends that failure to file the bond should not result in dismissal. (Docket Entry ## 15 & 17). Instead, plaintiff argues that this court should enforce a settlement agreement between the parties or, in the alternative, grant plaintiff leave to file a conforming bond late. (Docket Entry ## 15 & 17).

## I. MOTION TO DISMISS

This court first turns to the motion to dismiss. Defendant contends that plaintiff's appeal is ineffective under the requirements of PACA and therefore must be dismissed. (Docket Entry # 8). In addition, defendant argues that it is entitled to costs and reasonable attorney's fees under the statute. (Docket Entry # 8). Further, defendant requests sanctions against plaintiff for vexatious litigation. (Docket Entry # 8). In response, plaintiff contends that failure to file the bond with the appeal is not grounds for dismissal. (Docket Entry # 14). Plaintiff requests leave to file a conforming bond late.

(Docket Entry # 14).   Plaintiff also contends that defendant is not entitled to any costs or attorney's fees because a dismissal of this action would not be on the merits and therefore not entitle defendant to any such awards.   (Docket Entry # 14).

Under PACA, the district court is provided with appellate jurisdiction to review de novo the decisions of the Secretary of Agriculture.   7 U.S.C. § 499g(c); accord Alphas Co., Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, *3 (D.Mass. July 10, 2012).   Specifically, PACA states that any party "adversely affected" by "a reparation order by the Secretary [of Agriculture] may, within thirty days from and after the date of such order . . . appeal therefrom to the district court of the United States."   7 U.S.C. § 499g(c).   Further, the statute states that in order to perfect the appeal the appellant must file:

> a notice of appeal, together with a petition in duplicate which shall recite prior proceedings . . . and shall state the grounds upon which the petitioner relies to defeat the right of the adverse party to recover the damages claimed, with proof of service thereof upon the adverse party.

7 U.S.C. § 499g(c).   More importantly, the terms of PACA set forth the following bond requirement for an effective appeal:

> Such appeal *shall not be effective unless* within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court . . . ..

7 U.S.C. § 499g(c) (emphasis added); see Alphas Co., Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, at *3.  The statute also instructs that the bond "shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States."  7 U.S.C. § 499g(c).

The language of the statute is "unambiguous and mandatory: a party's appeal shall not be effective unless the bond is timely filed."  Alphas Co., Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, at *3 (internal quotations omitted).  Courts have repeatedly found that "'failure to file the required bond renders a party's appeal ineffective.'"  Id. (quoting Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d 35, 39 (1st Cir. 2012)).  First Circuit precedent has determined that filing the bond is a jurisdictional requirement and failure to comply with this requirement renders a party's appeal ineffective.  See Alphas Co., Inc. v. William H. Kopke, Jr., Inc., 708 F.3d 33, 38 (1st Cir. 2013).

Congress added the bond requirement to PACA specifically "to 'discourage frivolous appeals' from the orders of the Secretary [of Agriculture], taken simply to delay payment and so 'escape the automatic suspension of license provided by [PACA] for nonpayment of a reparation award' until the appeal is

decided." Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679
F.3d at 39 (quoting H.R. Rep. No. 75-915, at 3 (1937)).
Moreover, the purpose of the bond requirement "is to assure the
appellee's ability to collect what he is owed." Alphas Co.,
Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, at *5 (internal
quotations omitted); accord Alphas Co., Inc. v. Dan Tudor & Sons
Sales, Inc., 679 F.3d at 39 (bond requirement "protects the
prevailing party from suffering the consequences of any
financial deterioration – including bankruptcy – experienced by
the losing party during the sometimes lengthy appeals process").

Substantial compliance with this bond requirement may be
adequate to avoid dismissal. See L. Gillarde Co. v. Joseph
Martinelli & Co., Inc., 168 F.2d 276, 281 (1st Cir. 1948)
(finding "substantial compliance" where a bond was timely
submitted for double the value of the award even though the bond
amount did not accommodate added interest). The mere filing of
a bond that does not conform to the specifications of PACA,
however, is rarely sufficient to demonstrate substantial
compliance. See, e.g., Alphas Co., Inc. v. William H. Kopke,
Jr., Inc., 708 F.3d at 36 (rejecting untimely and nonconforming
"business services bond" and "superseding bond"); Alphas Co.,
Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 40 (finding
"supersedeas bond" filed more than 15 months after PACA deadline
insufficient to satisfy bond requirement); Alphas Co., Inc. v.

Empacadora Gab, Inc., 2012 WL 2862103, at *2 (holding that an untimely and inadequate "business services bond" did not constitute the necessary "judgment bond" and thus could not provide the required statutory coverage).

Here, it is undisputed that plaintiff did not submit the required bond. (Docket Entry ## 7 & 14).  Notably, plaintiff failed to file any bond by the date of this order, more than one year after PACA's deadline ran.  Plaintiff argues that although it failed to file the required bond this court has the discretion to ignore the mandatory requirement and give plaintiff leave to file an untimely bond. (Docket Entry # 15). Plaintiff, however, fails to cite any binding authority to indicate that this court has such discretion. (Docket Entry # 15). The cases cited do not support plaintiff's position. Instead, the referenced cases dismiss appeals where the required bond was not filed. (Docket Entry # 15).  Furthermore, plaintiff's argument that this court may ignore the timeliness of the bond requirement contradicts existing precedent.  See Alphas Co., Inc. v. William H. Kopke, Jr., Inc., 708 F.3d at 38; Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 40.

Case law in this circuit establishes that the required bond must be filed within 30 days of the Secretary of Agriculture's order for an appeal to be effective.  See Alphas Co., Inc. v.

William H. Kopke, Jr., Inc., 708 F.3d at 38; Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 40; accord Alphas Co., Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, at *3. Accordingly, and in light of the surrounding circumstances and viewing all the facts in favor of plaintiff, plaintiff's failure to file the required bond renders its appeal ineffective. Accordingly, defendant's motion to dismiss is well taken and this action must be dismissed.

   A.   Costs and Attorney's Fees

       In the motion to dismiss, defendant argues that under PACA, it is entitled to an award of costs and attorney's fees accrued in defending this appeal.  (Docket Entry # 8).  Conversely, plaintiff asserts that PACA only permits such an award to a prevailing party.  (Docket Entry # 15).  Plaintiff contends that to qualify as a prevailing party requires a favorable outcome on the merits of a case, not merely a dismissal based upon an ineffective appeal.  (Docket Entry # 15).

       As set forth in PACA, "[a]ppellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs."  7 U.S.C. § 499g(c).  Accordingly, when an appeal is dismissed for failure of a plaintiff to file the required bond, a defendant is entitled to its costs accrued in defending the case.  See Alphas Co., Inc. v. William H. Kopke, Jr., Inc.,

708 F.3d at 38 (awarding costs to appellee and upholding district court's dismissal where appellant failed to file timely conforming bond); Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 40 (affirming district court's dismissal where appellant never undertook to file the required bond and awarding costs to appellee).

Here, the Secretary of Agriculture ruled in favor of defendant in the Reparation Order and affirmed this ruling in its Reconsideration Order. (Docket Entry ## 8 & 15). Plaintiff appealed this ruling by filing the present action. (Docket Entry # 1). For the reasons previously discussed, defendant successfully defended plaintiff's appeal from the Secretary of Agriculture's Reconsideration Order, resulting in its dismissal. This result is sufficient to qualify defendant as a prevailing party under the terms set forth in PACA. See Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 40. Defendant is therefore entitled to a reasonable attorney's fees as part of its costs. 7 U.S.C. § 499g(c). Defendant's request for leave to file an application under PACA for costs and attorney's fees (Docket Entry # 8, pp. 4-5) is therefore allowed.

B.  Sanctions

Defendant also argues that sanctions should be imposed against plaintiff for vexatious litigation. (Docket Entry # 7). Defendant seeks sanctions for vexatious litigation against

plaintiff, John Alphas and Attorney Goodman.  (Docket Entry #
8).  Defendant does not identify the statute or other authority
under which it seeks sanctions.  The only authority defendant
cites is In re Martin-Trigona, 737 F.2d 1254, 1262 (2nd Cir.
1984), a case involving a district court's sua sponte imposition
of an injunction upon a vexatious litigant with a history of
abusing the judicial process.  (Docket Entry # 8).  Plaintiff,
while not directly addressing defendant's request for sanctions,
contends that the entirety of the motion to dismiss should be
denied.  (Docket Entry # 15).

Two sources of legal authority provide for the imposition
of sanctions on a party or his attorney.  See Akande v. John Doe
1, 2012 WL 1658981, *3 n.6 (D.Mass. May 10, 2012) (dismissing
case and warning the plaintiff that he may be subject to
sanctions should he continue to file similar pleadings).  First,
under Rule 11, Fed. R. Civ. P. ("Rule 11"), sanctions may be
imposed as a deterrent "to protect defendants and the Court from
wasteful, frivolous and harassing lawsuits."  Akande v. John Doe
1, 2012 WL 1658981, at *3 n.6 (citing Navarro-Ayala v. Nunez,
968 F.2d 1421, 1426 (1st Cir. 1992)); see also Steele v.
Bongiovi, 784 F.Supp.2d 94, 99 (D.Mass. 2011) (finding Rule 11
sanctions warranted but limiting imposition of sanctions to
admonition).  Rule 11 sanctions are not appropriate, however,
because defendant did not comply with the procedural

12

requirements of the rule.  See Fed. R. Civ. P. 11(c); see also
Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1ˢᵗ Cir. 2010)
(noting "[a] Rule 11 motion must be made separately from any
other motion" and therefore finding that the party "failed to
satisfy the Rule's procedural requirements").  Here, defendant
did not file a separate motion or even identify Rule 11 as the
requested basis for the sanction.

Second, authority for the imposition of sanctions is also
provided by 28 U.S.C. § 1927 ("section 1927").  See Akande v.
John Doe 1, 2012 WL 1658981, at *3 n.6; accord EEOC v. Tandem
Computers Inc., 158 F.R.D. 224, 228 (D.Mass. 1994).  Section
1927 "provides for the imposition of costs and expenses,
including attorneys' fees, against a person for unreasonable and
vexatious litigation."  See Akande v. John Doe 1, 2012 WL
1658981, at *3 n.6 (citing section 1927).  The statute, however,
limits the imposition of sanctions to counsel or pro se parties.
See Wages v. Internal Revenue Services, 915 F.2d 1230, 1235-1236
(9ᵗʰ Cir. 1990) (section 1927 sanctions may be imposed against
party when that party is proceeding pro se); Flip Side
Productions, Inc. v. Jam Productions, Ltd., 843 F.2d 1024, 1035
n.12 (7ᵗʰ Cir. 1988) (section 1927 "provides only for the
imposition of sanctions against counsel"); Akyempong and Joseph
Akyempong v. United States Immigration and Naturalization
Service, 1995 WL 520018, *1 (E.D.N.Y. Aug. 15, 1995).  Here,

section 1927 sanctions may only be imposed on Attorney Goodman
and not upon plaintiff or John Alphas because they are not
proceeding pro se.

To warrant the imposition of sanctions pursuant to section
1927:

> [A]n attorney's conduct must:  "evince a studied disregard
> of the need for an orderly judicial process, or add up to a
> reckless breach of the lawyer's obligations as an officer
> of the court."

Haemonetics Corp. v. Fenwal, Inc., 863 F.Supp.2d 110, 115
(D.Mass. 2012) (quoting Jensen v. Phillips Screw Co., 546 F.3d
59, 64 (1st Cir. 2008)).  Although "an attorney's bad faith will
always justify sanctions under section 1927," Cruz v. Savage,
896 F.2d 626, 631 (1st Cir.1990), the statute "does 'not require
a finding of subjective bad faith.'"  Plante v. Fleet National
Bank, 978 F.Supp. 59, 69 (D.R.I. 1997) (quoting Cruz).  Rather,
it is sufficient if "an attorney acts in disregard of whether
his conduct constitutes harassment or vexation, thus displaying
a 'serious and studied disregard for the orderly process of
justice.'"  Cruz v. Savage, 896 F.2d at 632 (quoting United
States v. Nesglo, Inc., 744 F.2d 887, 891 (1st Cir. 1984)); see,
e.g., Akande v. John Doe 1, 2012 WL 1658981, at *2-3 (finding
that the plaintiff knew or should have known that the present
action was "abusive, vexatious, and or malicious" due to court's
prior discussions in plaintiff's previous cases).

"[U]nintended, inadvertent, and negligent acts," however, "will not support an imposition of sanctions under section 1927." Cruz v. Savage, 896 F.2d at 632; accord Schwartz v. Millon Air, Inc., 341 F.2d 1220, 1225 (11th Cir. 2003) ("section 1927 is not about mere negligence").

Sanctions are deemed appropriate under section 1927 when "counsel's conduct has multiplied the proceedings." EEOC v. Tandem Computers Inc., 158 F.R.D. at 228; accord Cruz v. Savage, 896 F.2d at 631. A finding of unreasonable or vexatious litigation may be warranted where a pro se party or counsel repeatedly files legally deficient complaints. See Karas v. Massport Authorities, 2011 WL 5330592, *3 (D.Mass. Nov. 4, 2011). Such repetitive filing is "a burden on the Court's time and resources." Id. (warning the plaintiff that "she may be enjoined from filing further actions in this Court absent permission from a District Judge, and/or that she could be subject to monetary sanctions" for any additional "frivolous and/or unreasonable" filings).

Here, defendant alleges that plaintiff, John Alphas and Attorney Goodman knew or should have known that filing this appeal without the required bond constituted vexatious litigation. (Docket Entry # 8). Defendant attached to its motion to dismiss three opinions from similar cases that plaintiff commenced in this district which were dismissed for

failure to file the appropriate bond.  (Docket Entry # 8, Ex. A, B & C).  Attorney Goodman acted as counsel to plaintiff in the three prior cases.  Attorney Goodman was therefore on notice that a bond was required and that failure to file the bond would lead to this action's dismissal, as it did in the three prior cases.  (Docket Entry # 8, Ex. A, B & C).

Here, as in Karas, plaintiff has repeatedly filed legally deficient complaints.  Karas v. Massport Authorities, 2011 WL 5330592, at *3 (considering section 1927 when sanctioning the plaintiff with admonishment); see, e.g., Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 36 (failed to file timely bond in conjunction with appeal); Alphas Co., Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, at *5 (failed to file appropriate judgment bond with appeal).  The referenced complaints were subject to dismissal for plaintiff's failure to submit the required bond within the statutory time period specified by PACA.  See Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 39; Alphas Co., Inc. v. Empacadora Gab, Inc., 2012 WL 2862103, at *5.  This repetitive deficiency evidences plaintiff's disregard of the judicial process.  See, e.g., Karas v. Massport Authorities, 2011 WL 5330592, at *3 (finding that the pro se plaintiff's "repetitive filings of legally deficient complaints" burden the court's time and resources).

Further, the dismissals in these two other cases for the same defect demonstrate that plaintiff, John Alphas and Attorney Goodman knew or should have known that filing the present appeal, without submitting the required bond, was unreasonable and vexatious.  See Akande v. John Doe 1, 2012 WL 1658981, at *3 (holding that the pro se plaintiff knew or should have known that his filing was inappropriate where court had previously discussed the matter in another of the plaintiff's civil cases). Moreover, the repetitive filing of legally deficient complaints multiplied proceedings.  Karas v. Massport Authorities, 2011 WL 5330592, at *3 (finding that the pro se plaintiff multiplied proceedings where she repeatedly initiated lawsuits by filing legally deficient complaints).

In addition, as proposed by defendant, this court has reason to suspect that the commencement of this appeal was for the improper purpose of causing delay, harassment and needlessly increasing litigation costs.  (Docket Entry # 8).  Pursuant to PACA, where a party is adversely affected by the Secretary of Agriculture's reparation order the party's license will be automatically suspended if the party fails to comply with the order within the allotted time period.  See 7 U.S.C § 499g; see also Alphas v. Dan Tudor & Sons Sales, Inc., 679 F.3d at 37. Here, the Secretary of Agriculture's Reconsideration Order required plaintiff to tender payment to defendant to satisfy the

unpaid invoices.  (Docket Entry # 15).  Therefore, as plaintiff,
John Alphas and Attorney Goodman were on notice that filing an
appeal in this court without the required bond would result in
dismissal, it is more than likely that this appeal was merely an
attempt to delay payment to defendant or, in the alternative, to
delay suspension of plaintiff's license for failing to pay
defendant.

In light of the surrounding circumstances, this court finds
that sanctions are warranted against Attorney Goodman under
section 1927.[1]  The appropriate sanction here is an admonition.
See, e.g., Akande v. John Doe 1, 2012 WL 1658981, at *3
(sanctioning pro se party by admonition under section 1927 and
Rule 11 and warning party that he may be subject to more severe
sanctions for filing similar pleadings in the future); Karas v.
Massport Authorities, 2011 WL 5330592, at *3 (admonition issued
cautioning the plaintiff that court has "the power to enjoin
litigants who abuse the court system by filing groundless and
vexatious litigation").  Thus, Attorney Goodman is hereby warned
that his conduct of filing the complaint without the required

---

[1]  Sanctions may not be imposed against plaintiff or John
Alphas under section 1927.  See Akyempong and Joseph Akyempong
v. United States Immigration and Naturalization Service, 1995 WL
520018 at *1 (section 1927 "does not govern the imposition of
sanctions against a party").  Further, sanctions are not
appropriate under Rule 11 because the necessary procedural
requirements have not been met.  See Fed. R. Civ. P. 11(c); see
also Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d at 244.

bond warrants sanctions under section 1927.  Attorney Goodman is
hereby admonished that more severe sanctions may be imposed in
the future should he continue to file legally deficient
complaints, specifically pertaining to failure to timely file
the required bond with an appeal from an order issued by the
Secretary of Agriculture.

II.  <u>CROSS MOTION FOR SETTLEMENT OR, IN THE ALTERNATIVE, TO FILE
A CONFORMING BOND LATE</u>

        Plaintiff responds to the motion to dismiss with a cross
motion arguing that this court should enforce a settlement
agreement executed by the parties.  (Docket Entry # 17).
Alternatively, the cross motion argues that if this court will
not enforce the settlement agreement, it should grant plaintiff
leave to file an untimely conforming bond.  (Docket Entry # 17).
Defendant opposes both the cross motion to enforce the
settlement agreement and the alternative of extending the filing
deadline to allow plaintiff to file the required bond.  (Docket
Entry # 19).  In particular, defendant contends that this court
does not have jurisdiction over the settlement agreement and,
further, that plaintiff has materially breached the agreement.
(Docket Entry # 19).  Moreover, defendant asserts that this
court does not have the discretion to extend the statutory
filing deadline in order to allow plaintiff to file a conforming
bond.  (Docket Entry # 19).

Turning first to this court's ability to enforce a settlement agreement, it is imperative that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377 (1994). The power that such courts possess is "only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." Id. A motion to enforce a settlement agreement, "whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. Furthermore, "'a federal court does not have inherent jurisdiction to enforce a settlement merely because it presided over the lawsuit that led to settlement' . . . nor does it have jurisdiction to interpret such an agreement." First Marblehead Corp. v. Education Resources Institute, Inc., 463 B.R. 151, 157 (D.Mass. 2011) (quoting F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 449 F.3d 185, 189 (1st Cir. 2006)).

Under the doctrine of ancillary jurisdiction, federal courts may have jurisdiction over matters that are otherwise beyond their authority when such matters are incidental to other matters properly before them. See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. at 378. This doctrine, however, is limited to two purposes: "(1) to permit disposition

by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80 (internal citations omitted); see also Fafel v. Dipaola, 399 F.3d 403, 412-13 (1st Cir. 2005) (determining that district court had ancillary subject matter jurisdiction where there was entry of a judgment rather than an order of dismissal).

Consequently, neither purpose applies to a motion to enforce a settlement agreement unless the federal court order dismissing the suit:  (1) expressly retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the agreement.  See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. at 380-81 (district court did not have jurisdiction over settlement agreement where district court made no mention of any ongoing retention of jurisdiction in its order dismissing the case); F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 449 F.3d at 190 (finding that an amended court order retained jurisdiction over settlement agreement where original order, which merely mentioned agreement, was not sufficient to retain jurisdiction); First Marblehead Corp. v. Education Resources Institute, Inc., 463 B.R. at 157 (holding that court order expressly retaining jurisdiction over settlement agreement successfully retained jurisdiction).  If

the court fails to expressly retain jurisdiction or fails to incorporate the terms of the settlement agreement into its order, jurisdiction over the settlement agreement belongs to state courts.  See Queens Syndicate Co. v. Herman, 691 F.Supp.2d 283, 288 (D.Mass. 2010) (citing Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. at 382).  In particular, where a party moves to enforce a settlement agreement, ancillary jurisdiction does not suffice as a basis for federal court jurisdiction because "[t]he facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit."  Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. at 381. Moreover, "automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business."  Id. Thus, the proper route for recovery where a party lacks jurisdiction to enforce a settlement agreement in federal court is a separate breach of contract action in state court.  See id. at 382.

    Here, plaintiff fails to provide any grounds under which this court may exercise jurisdiction over the settlement agreement.  (Docket Entry # 17).  The precedential case of Kokkonen is instructive in its jurisdictional analysis of the federal district court.  See id. at 381.  Here, as in Kokkonen, the action before this court is not a breach of contract action

Case 1:12-cv-10049-MBB   Document 23   Filed 04/23/13   Page 23 of 25


to enforce a settlement agreement.  See id.  Instead, this action centers on an appeal from the Reconsideration Order rendered by the Secretary of Agriculture.  (Docket Entry # 1). As in Kokkonen, the facts surrounding the present action differ from the facts pertaining to the settlement agreement.  See id. For instance, the terms of the settlement agreement and the principles of contract law will govern its enforceability while the present action turns on evidence relating to the payment of invoices for goods received.

Unlike Kokkonen, plaintiff did not dismiss the present action pursuant to the settlement agreement.  Hence, there is no court order expressly retaining authority over the settlement agreement because the court was never made aware of any settlement.  Thus, this court does not have jurisdiction to enforce the settlement agreement; it is for state courts to decide in a breach of contract action.  See id.; Queens Syndicate Co. v. Herman, 691 F.Supp.2d at 288.  In light of the lack of jurisdiction over the settlement agreement, plaintiff has no grounds on which to base its motion to enforce the settlement agreement.  The cross motion to enforce the settlement agreement is therefore without merit.

Next, plaintiff argues that although it failed to file the required bond, this court has the discretion to ignore the mandatory requirement and give plaintiff leave to file an

untimely bond.  (Docket Entry # 15).  As outlined in section I
above, plaintiff's argument that this court may ignore the
timeliness of the bond requirement contradicts existing
precedent.  See Alphas Co., Inc. v. William H. Kopke, Jr., Inc.,
708 F.3d at 38; Alphas Co., Inc. v. Dan Tudor & Sons Sales,
Inc., 679 F.3d at 40.  Indeed, plaintiff failed in this argument
in prior proceedings.  See Alphas Co., Inc. v. William H. Kopke,
Jr., Inc., 708 F.3d at 36j (rejecting argument that court could
excuse noncompliance with conforming bond); Alphas Co., Inc. v.
Empacadora Gab, Inc., 2012 WL 2862103, at *4-5 (dismissing
argument that court had authority to allow the plaintiff to file
untimely conforming bond).  Additionally, the cases cited do not
support plaintiff's position.  Instead, the referenced cases
dismiss appeals where a plaintiff failed to file the required
bond.  (Docket Entry # 15).  Thus, in light of the discussion in
section I and the surrounding circumstances, the cross motion to
file a conforming bond late is without merit.

CONCLUSION

In accordance with the foregoing discussion, the motion to
dismiss (Docket Entry # 7) is **ALLOWED**.  Defendant is allowed
leave to file an application under PACA for reasonable
attorney's fees and costs on or before May 18, 2013.  Attorney
Goodman is admonished that he may be subject to more severe
sanctions, including but not limited to being enjoined from

24

filing further actions in this court, absent leave of court and/or monetary sanctions relating to failure to timely file the required bond in an appeal from the Secretary of Agriculture. The cross motion for settlement or, in the alternative for leave to file a conforming bond late (Docket Entry # 16) is **DENIED.**

                         /s/ Marianne B. Bowler
                         **MARIANNE B. BOWLER**
                         United States Magistrate Judge