```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

THE ALPHAS COMPANY, INC.,
     Plaintiff,


       v.                              CIVIL ACTION NO.
                                       12-10049-MBB

DEAN TUCKER FARMS PRODUCE, INC.,
     Defendants.
```

## MEMORANDUM AND ORDER RE:
## DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
## COSTS PURSUANT TO 7 U.S.C. § 499(G)(c)
## (DOCKET ENTRY # 24)

**June 17, 2013**

**BOWLER, U.S.M.J.**

Pending before this court is a motion for an award of $10,350.00 in attorney's fees and $762.40 in costs filed by defendant Dean Tucker Farms Produce, Inc. ("defendant"). (Docket Entry # 24). Plaintiff The Alphas Company, Inc. ("plaintiff") did not oppose the motion or the amounts therein. See LR. 7.1(b)(2).

### BACKGROUND

On September 2, 2011, the Secretary of Agriculture issued a decision under the Perishable Agriculture Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499g, awarding defendant the amount of $16,248.65, plus interest "at the rate of 00.10 percent per annum from August 1, 2009, until paid, plus the amount of $500.00" ("the Reparation Order"). (Docket Entry # 4). Plaintiff

appealed the decision and on December 9, 2011, the Secretary of Agriculture rejected the appeal and ordered plaintiff to pay the above amounts in 30 days ("the Reconsideration Order").  In lieu of paying defendant, plaintiff filed a petition and notice appealing the orders to this court on January 9, 2012.

On April 23, 2013, this court allowed defendant's motion to dismiss.  (Docket Entry # 23).  In substance, the Memorandum and Order upheld and affirmed the Reconsideration Order and the Reparation Order.  Defendant is therefore entitled to the reparation award of $16,248.65, 0.10 percent accrued interest and $500.00.  (Docket Entry # 26-1).  Defendant requests interest in the amount of $60.59, which is the accrued interest from August 1, 2009 to April 23, 2013.

The Memorandum and Order also determined that defendant was a prevailing party under PACA and therefore entitled to an award of reasonable attorney's fees as part of its costs.  (Docket Entry # 23).  PACA unambiguously states that, "Appellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs."  7 U.S.C.A. § 499g(c).

A review of the billing records of defendant's attorney shows that all of the attorney's fees amounts are reasonable. The requested costs, including travel expenses, are also reasonable and properly part of the award.  See Mister Sprout,

Inc. v. Williams Farms Produce Sales, Inc., 881 F.Supp.2d 482, 486 (S.D.N.Y. 2012).  The reasonable fees and costs therefore total $11,112.40.

CONCLUSION

In accordance with the above discussion, the motion for attorney's fees and costs (Docket Entry # 24) is **ALLOWED**.  A final judgment shall issue in the amount of $27,921.64, which represents the total of the foregoing amounts of $16,248.65, $500.00, $60.59 and $11,112.40.

                                            /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge